BENTON, Judge,
dissenting.
Although this case is factually similar to Kennedy’s Piggly Wiggly Stores, Inc. v. Cooper, 14 Va.App. 701, 419 S.E.2d 278 (1992), the Commission failed to apply Cooper’s holding to this case. Indeed, the parallels between this case and Cooper suggest that the Commission simply ignored Cooper. The record reveals that following an evidentiary hearing, the appeals examiner who heard the evidence ruled in favor of Deborah Wood and found as follows:
[Wood] now has the burden of proving that there were mitigating circumstances. First, [Wood] presented evidence to show that both the Accounts Manager and the vice president also used profanity in speaking to her during their discussions and arguments. Secondly, [Wood] presented evidence to show that she had never received any progressive discipline per company policy. Third, the evidence establishes that [Wood] was discharged as a result of an isolated incident. The Appeals Examiner is convinced that all parties were upset during their discussions and arguments. Taking all of this into consideration, the Appeals Examiner finds that mitigating circumstances exist. Therefore, [Wood] will not be subject to the disqualifying provisions of the Act.
The special examiner reversed the ruling without any reference to Cooper. That special examiner is the same special examiner whose decision we reversed in Cooper. Because the Commission failed to apply the applicable precedent and be *520 cause the employer failed to carry the burden of proving that Wood’s remarks constituted misconduct under Code § 60.2-618(2), I would reverse the Commission’s decision. Therefore, I dissent.
The Supreme Court of Virginia has defined misconduct as proscribed by Code § 60.2-618, to be as follows:
[A]n employee is guilty of “misconduct connected with his work” when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer.
Branch v. Virginia Employment Comm’n, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978) (citations omitted). This is not a case in which Wood violated a company rule. Thus, our analysis in this case is confined to whether Wood’s remarks were of “such a nature ... as to manifest a willful disregard of [the employer’s business] interests and [Wood’s] duties and obligations ... [to the] employer.” See Cooper, 14 Va.App. at 705, 419 S.E.2d at 281.
Wood was employed by Americomm as a mail office coordinator for approximately four and one-half years before she was discharged. She was working on a project assigned by her supervisor when a supervisor from another department asked her to complete something for him immediately. Wood first wanted to complete the job she was doing. The two argued “and curse words were exchanged by both parties.” The next day, Wood discussed this incident with Brad Stewart, Vice President of Operations. Stewart testified that “as the discussion went on, it got more heated.” Stewart found Wood’s use of the word, “fuck,” to be abusive. He testified that Wood did not say anything else that he found to be abusive. He also testified that there was no reason for her discharge other than her abusive language during the discussion. Wood testified that both of them had used profanity. *521 The examiner who heard the evidence found that Stewart and Wood used “curse words.”
In Cooper, this Court stated that “[a] finding of willful misconduct ... depends upon the particular circumstances of the case.” 14 Va.App. at 706, 419 S.E.2d at 281. This would “include the severity of the language used; the quantity of the language used, ie., whether it was a lengthy barrage or a brief incident; whether the language was spoken in the presence of customers, clients or other employees; whether the employee had a record of misconduct; ... and whether the language was provoked by the employer.” Id.
The record reflects that Wood’s discussion with Stewart got progressively more heated.- However, no evidence proved that she initiated the use of profanity. The hearing examiner found that both Wood and Stewart used “curse words.”
Wood’s remarks were confined to Stewart’s office and were made in his presence only; no evidence proved that her remarks were overheard by any customers or employees. See id. at 707, 419 S.E.2d at 282. The employer neither alleged nor proved that Wood’s remarks interfered with the business or were “calculated to challenge the organizational authority of the company.”
Although the majority places great weight upon Wood being “cautioned before,” Stewart testified that the performance reviews in which Wood’s attitude was addressed were not “actual warning[s]” but were “part of an evaluation to help her improve her abilities.” . In fact, the employer follows a “progressive discipline” procedure, using verbal and written warnings prior to terminations. Stewart testified that Wood had not received any such warnings.
As we stated in Cooper, “[t]he issue in this case is not the right of the employer to discharge an employee. Rather, the issue is the employee’s right, upon discharge, to receive unemployment benefits.” 14 Va.App. at 708, 419 S.E.2d at 282. Because the employer failed to prove that Wood’s remarks to Stewart constituted a willful disregard of the employer’s busi *522 ness interests sufficient to deny her unemployment benefits, I would reverse the trial judge’s decision.